UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KOURETAS, | No. 2:13-cv-2632-MCE-KJN |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| NATIONSTAR MORTGAGE HOLDINGS, INC., et al., | |
| Defendant. | |

On December 20, 2013, Plaintiff James Kouretas ("Plaintiff") filed the instant action against Defendants Nationstar Mortgage Holdings, Inc. and Bank of America, N.A., ("Defendants").  Compl., ECF No. 1.  On December 23, 2013, Plaintiff filed a Motion for Temporary Restraining Order ("TRO") seeking to stop the impending foreclosure sale of a property owned by Plaintiff.  Mot., ECF No. 4.  For the reasons set forth below, Plaintiff's Motion for TRO is DENIED.[1]

///

///

///

///

---

[1] Because oral argument would not be of material assistance, this matter is submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

Plaintiff holds title to the property known as 3324 S Street, Sacramento, California, 95816.  The property was first secured by a deed of trust in favor of Bank of America.  In November 2013, Nationstar Mortgage Holdings became the loan servicer.

In May 2013, Plaintiff wrote to Bank of America to request a loan modification.  A Bank of America representative responded, stating that the bank had received his request and was transferring the request to a specialist.  Plaintiff was told the bank would contact Plaintiff within fifteen days.  Then, eight days later, Bank of America recorded and served Plaintiff with a notice of trustee's sale.  However, in June 2013, Bank of America wrote to Plaintiff, stating that his loan modification request had been forwarded to a specialist.  Then, a week later, Bank of America sent Plaintiff a Notice of Intent to Accelerate, threatening to accelerate repayment of the full amount of the note despite the fact that Plaintiff's loan was being evaluated for a loan modification.

In July 2013, Plaintiff completed and again submitted loan modification papers to Bank of America.  Bank of America sent a letter stating that Plaintiff was being considered for a short sale.  Thereafter, Bank of America sent another letter to Plaintiff, acknowledging receipt of Plaintiff's request for a loan modification and stating that the request was forwarded to a specialist in the appropriate department.  However, on August 1, 2013, Bank of America recorded a notice of default.  Then, on September 3, 2013, Bank of America recorded a second notice of default.  Later in September, multiple Bank of America representatives wrote to Plaintiff, stating that they would "continue the work [Plaintiff] started" with Plaintiff's previous points of contact at the bank.

///
///

---

[2] The following recitation of facts is taken, at times verbatim, from Plaintiff's Memorandum of Points and Authorities in Support of Motion for TRO.  ECF No. 5.

1  Finally, in October 2013, Bank of America informed Plaintiff that they would not
2  modify Plaintiff's loan. Thereafter, Plaintiff's loan servicing was transferred to Nationstar.
3  Nationstar wrote to Plaintiff in November 2013, informing Plaintiff that Nationstar wanted
4  to help Plaintiff stay in his home. Nonetheless, in December 2013, Plaintiff received a
5  notice of trustee sale, which is scheduled to take place on Monday, December 30, 2013.

## STANDARD

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

///
///
///
///
///
///

3

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). To grant preliminary injunctive relief, a court must find that "a certain threshold showing is made on each factor." Leiva–Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the Plaintiffs demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiffs' favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

**ANALYSIS**

Here, Plaintiff has failed to show a likelihood of success on the merits. Plaintiff asserts that he is entitled to relief under to the California Homeowner Bill of Rights, Cal. Civ. Code § 2923.6(b). The California Homeowner Bill of Rights went into effect on January 1, 2013, and it offers homeowners greater protection during the foreclosure process. Id. Section 2923.6(b) states "it is the intent of the legislature that the mortgage servicer offer the borrower a loan modification or work out a plan if such a modification or plan is consistent with its contractual or other authority."

///

1  The statute further provides that "if a borrower submits a complete application for a first
2  lien loan modification . . . the mortgage servicer . . . shall not record a notice of default or
3  notice of sale, or conduct a trustee's sale, while the complete first lien loan modification
4  application is pending." Id. § 2923.6(c).  Plaintiff alleges that Defendants violated the
5  California Homeowner Bill of Rights by engaging in "dual tracking," or negotiating with
6  Plaintiff for a loan modification while simultaneously advancing the foreclose process.
7  　　　Importantly, however, the California Homeowner Bill of Rights applies only to "first
8  lien mortgages or deeds of trust that are secured by owner-occupied residential real
9  property containing no more than four dwelling units. For these purposes, 'owner
10  occupied' means that the property is the principal residence of the borrower . . . ." Cal.
11  Civ. Code. § 2924.15(a).  Plaintiff's Motion for TRO makes no allegations, nor provides
12  any evidence, that the property at issue is his principal residence.  Rather, Plaintiff states
13  that he "holds title to the property."  Mot. at 2.  On December 23, 2013, the Court issued
14  an order requiring Plaintiff to respond in writing whether the property in question is
15  owner-occupied residential real property.  Order, ECF No. 10.  Plaintiff filed a response
16  which states that "Plaintiff . . . does utilize a different address from the subject property of
17  this suit as his primary residence."  Response, ECF No. 11.
18  　　　Accordingly, the Court finds that Plaintiff has no likelihood of success on the
19  merits, as Plaintiff cannot meet this requirement of stating a claim for dual tracking under
20  the California Homeowner Bill of Rights.  Plaintiff has therefore failed to show that the
21  first prong of Winters is met.  Moreover, Plaintiff has failed to adequately demonstrate to
22  the Court that the irreparable harm which Plaintiff claims he will suffer is sufficient to
23  warrant the drastic relief of a TRO.  Plaintiff alleges only that he will be foreclosed out of
24  his home in which he does not reside. Mot. at 5.  Such harm is not adequate to warrant
25  the issuance of a TRO, given the circumstances of this case.
26  ///
27  ///
28  ///

Plaintiff's Motion for TRO, ECF No. 4, is therefore DENIED.

IT IS SO ORDERED.

Dated:  December 26, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT