1  David C. Powell (SBN 129781)
   Molly Taylor Zapala (SBN 245985)
2  Email:     mzapala@reedsmith.com
   Jamie D. Wells (SBN 290827)
3  Email:     jwells@reedsmith.com
   REED SMITH LLP
4  101 Second Street
   Suite 1800
5  San Francisco, CA  94105-3659
   Telephone: +1 415 543 8700
6  Facsimile: +1 415 391 8269

7  Attorneys for Bank of America, N.A.

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11                       SACRAMENTO DIVISION

12  James Kouretas, an individual,          Case No. 2:13-CV-02632-MCE-KJN

13                    Plaintiff,            **DEFENDANT'S NOTICE OF MOTION TO
                                            DISMISS PLAINTIFF'S COMPLAINT
14         v.                               AND MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT THEREOF**
15  Nationstar Mortgage Holdings, Inc., Bank of
    American, N.A.,                         Date:  March 6, 2014
16                                          Time:  2:00 p.m.
                      Defendants.           Courtroom:  7
17                                          Compl. Filed:  December 20, 2013

18                                          Honorable Morrison C. England, Jr.

19                                          [Fed. R. Civ. Proc. 12(b)(6)]

20                                          [*Filed concurrently with Request for Judicial
                                            Notice and [Proposed] Order*]
21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

2        PLEASE TAKE NOTICE that on March 6, 2014, at 2:00 PM in Courtroom 7 of the above-

3  entitled Court located at 501 I Street, Sacramento, CA 95813, Defendant Bank of America, N.A.

4  ("BANA" or "Defendant") will and hereby does move this Court pursuant to Federal Rule of Civil

5  Procedure 12(b)(6) for an order dismissing the Complaint of Plaintiff James Kouretas ("Plaintiff"),

6  and each claim for relief alleged therein against BANA, on the grounds that the Complaint fails to

7  state any claim upon which relief can be granted.

8        This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum

9  of Points and Authorities, BANA's Request for Judicial Notice and exhibits attached thereto, court

10  records and files, and such other matters that the Court may consider at the hearing on the Motion.

11

12        DATED:  January 13, 2014

13                                           REED SMITH LLP

14

15                                  By: /s/ Jamie D. Wells
                                        Jamie D. Wells
16                                      Attorneys for Bank of America, N.A.

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 2 –

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND............................................... 1

III. LEGAL STANDARD................................................................................................ 3

IV. LEGAL ARGUMENT .............................................................................................. 4

    A. Plaintiff's Entire Complaint is Impermissibly Vague and Ambiguous ....................... 4

    B. Plaintiff Has Not – And Cannot – Allege That BANA Engaged in Dual Tracking .... 5

    C. Plaintiff Has Not – And Cannot – Allege That BANA Violated Section 2923.7 ....... 6

    D. Plaintiff's Claim for Violation of RICO Fails Because It Lacks Specific Facts Regarding Racketeering Activity and Does Not Allege the Existence of an Enterprise .......... 7

        1. Plaintiff Does Not Allege Facts Demonstrating Any Racketeering Activity By BANA ....... 7

        2. Plaintiff Does Not Allege Facts Demonstrating that BANA is an "Enterprise" as Defined by the Statute ....... 8

    E. Plaintiff Fails to State a Claim for Elder Abuse by BANA Because Plaintiff Does Not Plead His Claim With Specificity as Required ............................. 8

V. CONCLUSION .......................................................................................................... 9

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*117 Sales Corp. v. Olsen,*
  80 Cal. App. 3d 645 (1978) ...................................................................... 10

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,*
  988 F.2d 1157 (Fed. Cir. 1993) .................................................................. 6

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) ................................................................................ 6

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................... 6

*Berkley v. Dowds,*
  152 Cal. App. 4th 518 (2007) ................................................................... 12

*Clegg v. Cult Awareness Network,*
  18 F.3d 752 (9th Cir. 1994) .................................................................. 6, 8

*Covenant Care, Inc. v. Super. Ct.,*
  32 Cal. 4th 771 (2004) ............................................................................. 12

*Dumas v. Kipp,*
  90 F.3d 386 (9th Cir. 1996) ....................................................................... 7

*Hougue v. City of Holtville,*
  No. 07cv2229 WQH (WMc), 2008 WL 1925249 (S.D.Cal., Apr. 30, 2008) ............... 12

*Ileto v. Glock Inc.,*
  349 F.3d 1191 (9th Cir. 2003) .................................................................... 6

*Impink v. Bank of America, N.A.,*
  No. 11cv00104 BTM, 2012 WL 3025144 (S.D. Cal., Jul 23, 2012) ........... 12

*Izenberg v. ETS Services,*
  589 F. Supp. 2d 1193 (C.D. Cal. 2008) ................................................... 11

*King v. Cal.,*
  784 F.2d 910 (9th Cir. 1986) ..................................................................... 6

*Lancaster Community Hospital v. Antelope Valley Hospital Dist.,*
  940 F.2d 397 (9th Cir. 1991) ................................................................... 11

*McGlinchy v. Shell Chem. Co.,*
  845 F.2d 802 (9th Cir. 1988) ..................................................................... 6

*Navarro v. Block,*
  250 F. 3d 729 (9th Cir. 2001) .................................................................... 6

*Neitzke v. Williams,*
  490 U.S. 319 (1989) .................................................................................... 6

*Perlin v. Fountain View Management, Inc.,*
  163 Cal. App. 4th 657 (2008) ................................................................... 12

*Pineda v. Saxon Mortgage Services,*
  2008 WL 5187813 (C.D. Cal. Dec. 10, 2008) ........................................ 10

*Robertson v. Dean Witter Reynolds, Inc.,*
  749 F.2d 530 ................................................................................................ 6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– ii –

*Rosales v. Downey Savings & Loan Ass'n, F.A.*,
 2009 WL 514229 (S.D. Cal March 2, 2009) ............................................................... 10

*Schwartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007) ........................................................................... 6, 8

*United States v. Turkette*,
 452 U.S. 576 (1981) ....................................................................................... 11

*Wyatt v. Union Mortgage Co.*,
 24 Cal. 3d 773 (1979) .................................................................................... 10

**Statutes**

Cal. Civ. Code § 2923.6(h) .................................................................................. 8

Cal. Civ. Code § 2923.7 ..................................................................................... 10

Cal. Civ. Code § 2923.7(a) .................................................................................. 9

Cal. Civ. Code § 2924.15(a) .............................................................................. 8, 9

Wel. & Inst. Code § 15610.30 subd. (a)(1) ............................................................. 12

Wel. & Inst. Code § 15610.30 subd. (a)(2) ............................................................. 12

Wel. & Inst. Code § 15610.30 subd. (a)(3) ............................................................. 12

Wel. & Inst. Code § 15610.30 subd. (b) ................................................................. 12

**Rules**

Fed. R. Civ. Proc. 9(b) ........................................................................................ 6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– iii –

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.        INTRODUCTION

Plaintiff James Kouretas ("Plaintiff") filed his cut-and-paste Complaint against Defendant Bank of America, N.A. ("BANA") in a frivolous attempt to prevent the proper foreclosure of his property.  Plaintiff does not deny that he defaulted on his loan and yet he brings this unintelligible complaint alleging that BANA engaged in dual tracking.  However, this Court has already ruled that Plaintiff cannot meet the requirement of stating a claim for dual tracking under the Homeowner Bill of Rights ("HBOR") as Plaintiff concedes the subject property is not his primary residence.  In addition, Plaintiff alleges that BANA violated RICO and engaged in elder abuse.  Plaintiff however provides absolutely no factual support for his claims other than his own self-serving conclusions.  Plaintiff's claims fail for the following reasons:

- Plaintiff's Complaint is impermissibly vague and ambiguous;
- Plaintiff has not – and cannot – allege that BANA engaged in dual tracking under HBOR because he concedes the subject property is not his primary residence;
- Plaintiff's Civil Code Section 2923.7 claim fails because the statute allows for the "single points of contact" to consist of multiple individuals and he concedes the subject property is not his primary residence;
- Plaintiff's claim for violation of RICO fails because it lacks specific facts regarding racketeering activity and does not allege the existence of an enterprise; and
- Plaintiff fails to state a claim for elder abuse by BANA because Plaintiff fails to plead his claim with specificity as required.

Accordingly, BANA respectfully requests that the Court grant its Motion to Dismiss without leave to amend and dismiss this action with prejudice.

### II.       FACTUAL AND PROCEDURAL BACKGROUND

On or about May 27, 2004, Plaintiff obtained a loan in the amount of $231,000.00 (the "Loan") secured by property located at 3324 S Street, Sacramento, CA 95816 (the "Property").  *See*

– 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Request for Judicial Notice ("RJN"), Ex. A.  The Deed of Trust identifies Plaintiff has the borrower, BANA as the lender and beneficiary, and PRLAP, Inc. ("PRLAP") as trustee.  *Id.*  On January 8, 2013, BANA issued an Assignment of Deed of Trust naming Wells Fargo[1] as beneficiary under the Deed of Trust.  RJN, Ex. B.  On August 2, 2013, Wells Fargo substituted ReconTrust Company, N.A. ("ReconTrust") as trustee under the Deed of Trust.  RJN, Ex. C.  On August 5, 2013, ReconTrust recorded a Notice of Default due to Plaintiff's arrears in the amount of $35,814.26.  RJN, Ex. D.  Due to Plaintiff's failure to cure his default, ReconTrust, as duly appointed trustee, recorded a Notice of Trustee's Sale on November 18, 2013.  RJN, Ex. E.  Plaintiff does not allege the Property has been sold.  The Property located at 3324 S Street is the subject property at issue.

Also on or about May 27, 2004, Plaintiff obtained a separate loan in the amount of $234,000.00 (the "Second Loan") secured by a different property located at 3312 S Street, Sacramento, CA 95816 (the "Second Property").  RJN, Ex. F.  The Deed of Trust for the Second Loan ("Second Deed of Trust") identifies Plaintiff as the borrower, BANA as the lender and beneficiary, and PRLAP as trustee.  *Id.*  On March 22, 2012, BANA issued a Corporation Assignment of Deed of Trust naming Wells Fargo[2] as beneficiary under the Second Deed of Trust.  RJN, Ex. G.  On March 22, 2012, Wells Fargo substituted ReconTrust as trustee under the Second Deed of Trust.  RJN, Ex. H.  On March 23, 2012, ReconTrust recorded a Notice of Default due to Plaintiff's arrears in the amount of $10,355.36.  RJN, Ex. I.  Due to Plaintiff's failure to cure his default, ReconTrust, as duly appointed trustee, recorded a Notice of Trustee's Sale on June 25, 2012.  RJN, Ex. J.  ReconTrust recorded a second Notice of Trustee's Sale on May 28, 2013.  RJN, Ex. K.  Plaintiff does not allege the Second Property has been sold.

On December 20, 2013, Plaintiff filed his Complaint alleging claims for 1) violation of the Homeowner Bill of Rights; dual tracking, 2) violation of the Homeowner Bill of Rights; multiple points of contact, 3) racketeering and 4) elder abuse.  *See generally* Compl.  Specifically Plaintiff alleges that BANA 1) engaged in dual tracking by initiating foreclosure while Plaintiff was

---

[1] Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Banc of America Alternative Loan Trust 2004-7 Mortgage Pass-Through Certificates, Series 2004-7 ("Wells Fargo").

[2] Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Banc of America Alternative Loan Trust 2004-7 Mortgage Pass-Through Certificates, Series 2004-7 ("Wells Fargo").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 simultaneously being reviewed for a loan modification, 2) failed to provide Plaintiff with a single

2 point of contact, 3) violated RICO, and 4) financially and emotionally abused Plaintiff. *See*

3 *generally* Compl.

### III.    LEGAL STANDARD

5          A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the

6 complaint. *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule

7 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory

8 yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989);

9 *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984).  Time barred claims and

10 remedies are also properly disposed of on a motion to dismiss. *See King v. Cal.*, 784 F.2d 910, 913-915 (9th

11 Cir. 1986).  The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that

12 are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of

13 unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988

14 F.2d 1157, 1160 (Fed. Cir. 1993).

15          While all material allegations must be taken as true, "conclusory allegations without more are

16 insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845

17 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  Indeed, the Supreme

18 Court recently confirmed the requirement that pleadings must contain more than labels and unsupported

19 conclusions, and emphasized that conclusory allegations are not entitled to be assumed true. *See Ashcroft v.*

20 *Iqbal*, 129 S. Ct. 1937, 1949-52 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

21 court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions

22 cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55

23 (9th Cir. 1994).  In testing the complaint's legal adequacy, the court may consider material properly

24 submitted as part of the complaint or subject to judicial notice. *Schwartz v. KPMG LLP*, 476 F.3d 756, 763

25 (9th Cir. 2007).  Moreover, allegations of fraud are subject to a heightened pleading standard under Rule

26 9(b), which requires that "in all averments of fraud or mistake, the circumstances constituting fraud or

27 mistake shall be stated with particularity." Fed. R. Civ. Proc. 9(b).  When it would be futile to amend the

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

1 complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th
2 Cir. 1996).

3 <center>**IV.   LEGAL ARGUMENT**</center>

4 **A.      Plaintiff's Entire Complaint is Impermissibly Vague and Ambiguous**

5 As an initial matter, Plaintiff's entire complaint is unintelligible, uncertain, and riddled with
6 inconsistent allegations. Plaintiff's Complaint fails because it is impermissibly vague and
7 insufficiently pled. Plaintiff alleges that he holds title to the subject property known as 3324 S
8 Street, Sacramento, CA 95816, parcel number 010-0065-010-0000. Compl. ¶ 1, *see also* RJN, Ex.
9 A. Plaintiff also, inconsistently, alleges "the property was secured by a first deed of trust in favor of
10 Bank of America, loan number XXXXXXXXXXX6546." Compl. ¶ 1. The loan number however,
11 relates to an entirely different loan secured against the Second Property located at 3312 S Street,
12 Sacramento, CA 95816. *See* Compl. Ex. 3, RJN, Ex. F.

13 Plaintiff continues by citing foreclosure notices which were recorded against both properties
14 without specifying which property each notice was recorded against. For example, in an effort to
15 support his claim for dual tracking, Plaintiff alleges that he received a Notice of Trustee's Sale in
16 December 2013. Compl. ¶ 17. This Notice of Trustee's Sale relates to the Property located at 3324
17 S Street. *See* Compl., Ex. 13, RJN, Ex. E. In order to further his dual tracking claim, Plaintiff also
18 alleges that he received another Notice of Trustee's Sale in May 2013. Compl. ¶ 4. However, this
19 Notice of Trustee's Sale relates to the Second Property located at 3312 S Street. *See* Compl., Ex. 3,
20 RJN, Ex. K. To make matters even more confusing, Plaintiff's allegations and the supporting
21 exhibits attached to his Complaint appear to relate to a third piece of property located at 1564 34th
22 Street, Sacramento, CA 95816. *See* Compl. ¶ 2, Ex. 1 (In May 2013, Plaintiff sent BANA a letter
23 requesting a loan modification); Compl. ¶ 7, Ex. 6 (On June 28, 2013, BANA sent Plaintiff a Notice
24 of Intent to Accelerate when the loan was being reviewed for a loan modification); Compl. ¶ 10, Ex.
25 8 (On July 31, 2013, BANA acknowledges receipt of Plaintiff's loan modification request).
26 Plaintiff's allegations are vague and ambiguous and therefore his Complaint should be dismissed for
27 this reason alone.

28 A court is not required to "accept legal conclusions cast in the form of factual allegations if those

<center>– 4 –</center>

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d

2  752, 754-55 (9th Cir. 1994).  In testing the complaint's legal adequacy, the court may consider material

3  properly submitted as part of the complaint or subject to judicial notice. *Schwartz v. KPMG LLP*, 476 F.3d

4  756, 763 (9th Cir. 2007).  Plaintiff's entire Complaint is premised on legal conclusions which Plaintiff fails

5  to support with any facts and, instead, are contradicted by Plaintiff's own pleadings and exhibits attached

6  thereto.  BANA cannot sufficiently defend itself against Plaintiff's vague and uncertain allegations and

7  therefore BANA's Motion to Dismiss should be granted in its entirety.

8  **B.      Plaintiff Has Not – And Cannot – Allege That  BANA Engaged in Dual Tracking**

9            In his first cause of action for dual tracking, Plaintiff alleges that BANA engaged "in dual

10  tracking when it corresponded with and considered [Plaintiff] for a loan modification from May

11  through September 2013, while at the same time recording notices of default and trustee's sale

12  during that same period."  Compl. ¶ 20.  Plaintiff alleges that he "stands to suffer irreparable harm in

13  that he will be deprived of his property under color of law."  Compl. ¶ 21.

14            HBOR applies only to "first lien mortgages or deeds of trust that are secured by ***owner-***

15  ***occupied residential real property*** containing no more than four dwelling units.  For these purposes

16  'owner occupied' means that the property is the ***principal residence of the borrower*** . . . . "  Cal.

17  Civ. Code § 2924.15(a).  As a part of the new changes to California's non-judicial foreclosure laws,

18  Section 2923.6(c) provides that, "If a borrower submits a ***complete application for a first lien loan***

19  ***modification*** offered by, or through, the borrower's mortgage servicer, a mortgage servicer…shall

20  not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first

21  lien loan modification application is pending."  Civil Code section 2923.6(h) states that "an

22  application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with ***all***

23  ***documents required by the mortgage servicer*** within the reasonable timeframes specified by the

24  mortgage servicer." (Emph. added).  This section does not require mortgage servicers to review or

25  offer borrowers loan modification.  Section 2923.6(c) only prohibits foreclosure activity while "the

26  complete first lien loan modification application is pending," but it does not create any duty to halt

27  all foreclosure activity based on any submission by a borrower, as Plaintiff suggests.

28            Plaintiff's allegation that BANA engaged in dual tracking fails for the following reasons.

– 5 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   First and foremost, Plaintiff concedes that the subject property is not his principal residence.  *See*

2   RJN, Ex. L (On December 23, 2013, the Court issued an order requiring Plaintiff to respond in

3   writing whether the property in question is his owner-occupied residential property.  Plaintiff

4   responded that "Plaintiff . . . does utilize a different address from the subject property of this suit as

5   his primary residence.").  As held by this Court on December 26, 2013, Plaintiff's concession shows

6   "Plaintiff cannot meet [the] requirement of stating a claim for dual tracking."  RJN, Ex. L at p. 5.

7   Regardless, Plaintiff's claim is insufficiently pled.  Plaintiff does not allege that he submitted a

8   ***complete application*** for a first lien loan modification as required under the statute.  *See generally*

9   Compl.  Nor does Plaintiff allege that any of the foreclosure notices were in fact recorded while

10  Plaintiff's loan modification application was pending.  Plaintiff has not – and cannot – allege that

11  BANA engaged in dual tracking and therefore his claim fails as a matter of law.

12  **C.      Plaintiff Has Not – And Cannot – Allege That BANA Violated Section 2923.7**

13          In his second claim for violation of HBOR, multiple points of contact, Plaintiff alleges that

14  BANA violated Civil Code section 2923.7, by failing to provide Plaintiff with a single point of

15  contact to assist Plaintiff with a loan modification.  Compl. ¶ 23.  Specifically, Plaintiff alleges that

16  BANA violated the statute by providing him with "no fewer than ***three*** points of contact while it was

17  taking affirmative steps to foreclose on his home."  Compl. ¶ 24.  However, Plaintiff's claim fails

18  because he concedes the subject property is not his primary residence.[3]  RJN, Ex. L.  Therefore,

19  Plaintiff is not afforded the protections of HBOR.   In addition, Plaintiff's claim also fails for the

20  following reasons.

21          Section 2923.7 states that upon request from a borrower "who requests a foreclosure prevention

22  alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the

23  borrower one or more direct means of communication with the single point of contact."  Civ. Code Section

24  2923.7(a).  For purposes of Section 2923.7, "single point of contact" means "an individual or team of

25  personnel each of whom has the ability and authority to perform the responsibilities described [herein] …."

26  The statute does not require BANA to provide Plaintiff with a single person to contact as they suggest it

27  [3] HBOR applies only to "first lien mortgages or deeds of trust that are secured by owner-occupied residential real
    property containing no more than four dwelling units.  For these purposes 'owner occupied' means that the property is

28  the principal residence of the borrower . . . . " Cal. Civ. Code § 2924.15(a).

– 6 –

1   does.  Civ. Code § 2923.7.  A "team of personnel" is sufficient.  *Id.*  Therefore, Plaintiff's claim for

2   violation of Section 2923.7 fails based on Plaintiff's own allegations.

3   **D.      Plaintiff's Claim for Violation of RICO Fails Because It Lacks Specific Facts Regarding**

4   **        Racketeering Activity and Does Not Allege the Existence of an Enterprise**

5           In his third claim for racketeering in violation of RICO, Plaintiff alleges that BANA

6   conspired[4] "to create an enterprise whereby [it] would utilize [its] positions of power to 'service

7   transfer' the loan in order to 'cleanse' the violations of [HBOR]."  Compl. ¶ 27.  Specifically,

8   Plaintiff alleges that BANA service released the Loan so that it "could not be held liable for actually

9   foreclosing on the property after engaging in violations of the law."  Compl. ¶ 27.  Plaintiff also

10  alleges that BANA's alleged misconduct was "criminal" in that it allowed BANA to violate

11  California law for the purpose of enriching a third party.  Compl. ¶ 27.  However, this claim fails as

12  a matter of law.

13          **1.       Plaintiff Does Not Allege Facts Demonstrating Any Racketeering Activity By**

14          **         BANA**

15          First, Plaintiff's claim fails because it is insufficiently pled.  In order to state a RICO claim,

16  Plaintiff must allege: "(1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering

17  activity (known as 'predicate acts'); (5) causing injury to plaintiff's business or property."  *See, e.g.,*

18  *Pineda v. Saxon Mortgage Services*, No. 08-1187, 2008 WL 5187813, at *4 (C.D. Cal. Dec. 10,

19  2008).  However, "[i]t is not enough for [plaintiff] to rely on mere labels and conclusions" to

20  establish a RICO claim.  *Id.*  Such conclusory allegations cannot meet the pleading standard for a

21  RICO claim.  Rather, Plaintiff must give each Defendant notice of the particular predicate act it

22  participated in, and must allege each predicate act with the requisite specificity.  *See, e.g., Rosales v.*

23  *Downey Savings & Loan Ass'n, F.A.*, No. 09-cv39, 2009 WL 514229, at *6 (S.D. Cal March 2,

24  2009) (noting that "[t]he Ninth Circuit has held that allegations of predicate acts under RICO must

---

26  [4] To the extent Plaintiff is alleging a claim for civil conspiracy, his claim equally fails.  A *civil conspiracy requires* "two
    or more persons [who] agree to perform a wrongful act."  *Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 787 (1979).  "To
27  state a . . . civil conspiracy, *facts* must be alleged which show the formation and operation of a conspiracy, the wrongful
    act of any of the conspirators thereto and damage resulting therefrom."  *117 Sales Corp. v. Olsen*, 80 Cal. App. 3d 645,
    649 (1978).  Plaintiff has not – and cannot – allege *facts* that show the formation and operation of a conspiracy, any
28  wrongful act, or resulting damage.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  comply with Rule 9(b)'s specificity requirements" and holding that "[t]he Complaint *does not allege*

2  *sufficient facts to support the conclusory allegations* that Defendants committed mail fraud, wire

3  fraud, and obstruction of justice" and "does not allege the *role of each Defendant* in the allegedly

4  unlawful acts that give rise to plaintiffs' RICO claim") (emphasis added).

5      In short, a plaintiff must allege with "particularity the time, place, and manner of each act of

6  fraud, plus the role of each defendant in each scheme." *Lancaster Community Hospital v. Antelope*

7  *Valley Hospital Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).  Here, the Complaint is devoid of any

8  specific factual detail as to how BANA engaged in any violation of RICO.  *See generally* Compl.  In

9  short, there is no specificity whatsoever as to BANA's alleged conduct that constituted *actual*

10  racketeering.  As such, Plaintiff's claim fails.

11      **2.    Plaintiff Does Not Allege Facts Demonstrating that BANA is an "Enterprise" as**

12          **Defined by the Statute**

13      "An enterprise is 'proved by evidence of an *ongoing organization*, formal or informal, and by

14  evidence that the various associates function as *a continuing unit*.'" *Izenberg v. ETS Services*, 589 F. Supp.

15  2d 1193, 1202 (C.D. Cal. 2008) (*quoting United States v. Turkette*, 452 U.S. 576, 583 (1981)) (emphasis

16  added).  Here, there is simply no intelligible allegation as to whom or what the purported "enterprise"

17  consists of for purposes of the statute.  *See* Compl. ¶ 27.  Specifically, Plaintiff does not allege that BANA

18  is an "enterprise" as defined by the statute.  Rather, Plaintiff makes the conclusory allegation that BANA

19  allegedly conspired to "create an enterprise."  Compl. ¶ 27.  Quite simply, Plaintiff's allegations are

20  insufficient to maintain a cause of action under RICO.  For this additional reason, Plaintiff's claim fails.

21  **E.  Plaintiff Fails to State a Claim for Elder Abuse by BANA Because Plaintiff Does Not**

22      **Plead His Claim With Specificity as Required**

23      In his fourth cause of action for elder abuse, Plaintiff alleges that he "is an elderly individual"

24  and that BANA "did wantonly violate California law against the physical, emotional, and financial

25  abuse of elder."  Compl. ¶ 30.  Plaintiff's claim for elder abuse is insufficiently pled and fails as a

26  matter of law.

27      Under the Elder Abuse and Dependent Adult Civil Protection Act ("Elder Abuse Act"), elder

28  financial abuse occurs when a person or entity "[t]akes, secretes, appropriates, obtains, or retains real

– 8 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

or personal property of an elder or dependent adult for a wrongful use[5] or with intent to defraud, or both." Wel. & Inst. Code § 15610.30 subd. (a)(1).[6]  A person or entity that "assists" in the foregoing conduct, or does the foregoing through the use of undue influence, as defined in Section 1575 of the Civil Code, is also liable under the Act. *See Id.* at § 15610.30 subds. (a)(2)-(a)(3).  A plaintiff must plead a violation of the Elder Abuse Act with particularity. *See Covenant Care, Inc. v. Super. Ct.*, 32 Cal. 4th 771, 790 (2004) ("the general rule is that statutory causes of action must be pled with particularity"); *Hougue v. City of Holtville*, No. 07cv2229 WQH (WMc), 2008 WL 1925249, at *6 (S.D.Cal., Apr. 30, 2008) ("As a statutory cause of action, a claim under the Elder Abuse Act must be alleged with particularity."). Bald allegations of financial elder abuse do not suffice. *Impink v. Bank of America, N.A.*, No. 11cv00104 BTM, 2012 WL 3025144, *2 (S.D. Cal., Jul 23, 2012).

Plaintiff's claim for elder abuse fails for the following reasons.  First, Plaintiff does not plead his claim with specificity as required.  Second, Plaintiff does not allege that BANA has taken, secreted, appropriated, obtained or retained the Property for a wrongful use or with the intent to defraud.  In fact, Plaintiff fails to provide any factual support whatsoever for his conclusory allegation that BANA engaged in elder abuse.  Rather, Plaintiff makes the self-serving conclusion that BANA violated California law against the physical, emotional, and financial abuse of elders. Compl. ¶ 30.  The only allegation supporting Plaintiff's bare-bones allegation is that he is an "elderly individual." Compl. ¶ 30.  Moreover, Plaintiff does not deny being in default on any of his loan obligations. *See generally* Compl.  Therefore, Plaintiff's claim for elder abuse fails.

## V.   CONCLUSION

For the reasons stated above, Plaintiff cannot state a single cognizable claim against BANA.

---

[5] A person or entity is deemed to have done the foregoing "'for a wrongful use' if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult." *Id.* at § 15610.30 subd. (b).

[6] Some courts take the position that a claim under the Elder Abuse Act is derivative and depends on successfully pleading another cause of action. *Berkley v. Dowds*, 152 Cal. App. 4th 518, 529 (2007).  Other courts take the position that the Elder Abuse Act "creates an independent cause of action." *Perlin v. Fountain View Management, Inc.*, 163 Cal. App. 4th 657, 666 (2008).  Regardless of which position this Court takes, Plaintiff's claims for elder abuse fail.  If the claim is derivative, Plaintiff's causes of action fail since all other claims in the FAC fail as a matter of law.  If the claim is independent, Plaintiff's causes of action still fail because, as will be explained herein, she has not alleged any misconduct actionable under the Elder Abuse Act.

– 9 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Accordingly, BANA respectfully requests the Court grant its Motion to Dismiss in its entirety,

2    without leave to amend.

3

4    DATED:  January 13, 2014

5                                                    REED SMITH LLP

6

7                                        By: /s/ Jamie D. Wells
                                              Jamie D. Wells
8                                             Attorneys for Bank of America, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF