UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KOURETAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE HOLDINGS, INC., BANK OF AMERICA, N.A.,<br><br>　　　　Defendants. | No.  2:13-cv-02632-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

　　　　On December 20, 2013, Plaintiff James Kouretas ("Plaintiff") filed a Complaint against Defendants Nationstar Mortgage Holdings, Inc. ("Nationstar") and Bank of America, N.A. ("Bank of America") (collectively "Defendants").  Compl., ECF No. 1.  Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] which was granted with leave to amend.  Order, ECF No. 27.  Plaintiff timely filed a First Amended Complaint ("FAC"), asserting causes of action for breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, and financial elder abuse in violation of California Welfare and Institutions Code § 15610.30(a).  FAC, Apr. 7, 2014, ECF No. 32.  Defendants again move to dismiss for failure to state a claim pursuant to

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

Rule 12(b)(6).  Nationstar Mot., Apr. 23, 2014, ECF No. 33; Bank of America Mot., Apr. 23, 2014, ECF No. 35.  For the reasons stated below, Defendants' Motions are GRANTED.[2]

## BACKGROUND[3]

Plaintiff holds title to the property known as 3324 S Street, Sacramento, California, 95816 (the "Property").  The Property was secured by a first deed of trust in favor of Bank of America.  In November 2013, Nationstar became the loan servicer.

In May 2013, Plaintiff wrote to Bank of America to request a loan modification.  A Bank of America representative responded, stating that the bank had received his request and was transferring the request to a specialist.  Plaintiff was told that Bank of America would contact him within fifteen days.  On May 28, 2013, prior to contacting Plaintiff regarding his request, Bank of America recorded and served on Plaintiff a notice of trustee's sale.  Subsequently, in June 2013, Bank of America informed Plaintiff in writing that his loan modification request had been forwarded to a specialist.  A week later, Bank of America sent Plaintiff a Notice of Intent to Accelerate, threatening to accelerate repayment of the full amount of the note despite the fact that Plaintiff's loan was being evaluated for a loan modification.

In July 2013, Plaintiff completed and again submitted loan modification papers to Bank of America.  Bank of America then sent a letter stating that Plaintiff was being considered for a short sale.  Thereafter, Bank of America sent another letter to Plaintiff, acknowledging receipt of Plaintiff's request for a loan modification and stating that the request was forwarded to a specialist in the appropriate department.  However, on

///

---

[2] Because oral argument would not be of material assistance, the Court ordered these matters submitted on the briefs pursuant to E.D. Cal. Local R. 230(g).

[3] The following recitation of facts is taken, at times verbatim, from Plaintiff's FAC. Compl., Apr. 7, 2014, ECF No. 32.

1  August 1, 2013, Bank of America recorded a notice of default.  Then, on September 3,
2  2013, Bank of America recorded a second notice of default.
3      Later in September, multiple Bank of America representatives wrote to Plaintiff,
4  stating that they would "continue the work [Plaintiff] started" with Plaintiff's previous
5  points of contact at the bank.
6      Finally, in October 2013, Bank of America informed Plaintiff that it would not
7  modify Plaintiff's loan.  Thereafter, Plaintiff's loan servicing was transferred to Nationstar.
8  Nationstar wrote to Plaintiff in November 2013, informing Plaintiff that Nationstar wanted
9  to help Plaintiff stay in his home.  Nevertheless, in December 2013, Plaintiff received a
10 notice of trustee sale, which indicated that a sale was scheduled to take place on
11 Monday, December 9, 2013.
12
13                                    **STANDARD**
14
15     On a motion to dismiss for failure to state a claim under Federal Rule of Civil
16 Procedure 12(b)(6), all allegations of material fact must be accepted as true and
17 construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.
18 Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain
19 statement of the claim showing that the pleader is entitled to relief" in order to "give the
20 defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell
21 Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,
22 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require
23 detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of
24 his entitlement to relief requires more than labels and conclusions, and a formulaic
25 recitation of the elements of a cause of action will not do."  Id. (internal citations and
26 quotations omitted).  A court is not required to accept as true a "legal conclusion
27 couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) quoting
28 Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

4

1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.  Breach of the Implied Covenant of Good Faith and Fair Dealing

The implied covenant of good faith and fair dealing exists in every contract, and ensures that neither party will do anything "which will deprive the other parties thereto of the benefits of the contract." McNeary-Calloway v. JP Morgan Chase Bank, N.A., 863 F. Supp. 2d 928, 954 (N.D. Cal. 2012).  Under California law, breach of the implied covenant may give rise to an action sounding in tort or contract.  See Pension Trust Fund for Operating Eng'r v. Fed. Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002).

The implied covenant "rests upon the existence of some specific contractual obligation" and there "is no obligation to deal fairly or in good faith absent an existing contract." Sipe v. Countrywide Bank, 690 F. Supp. 2d 1141, 1160 (E.D. Cal. 2010). Moreover, under California contract law, the covenant "is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract." Pasadena Live, LLC v. City of Pasadena, 8 Cal. Rptr. 3d 233, 237 (2004) (emphasis in original).  Nor can the implied covenant contradict the express terms of a contract.  Storek & Storek, Inc. v. Citicorp Real Estate, Inc., 100 Cal. App. 4th 44, 55 (2002).  Accordingly, courts have consistently held that for an action under the implied covenant to withstand a motion to dismiss under Rule 12(b)(6), Plaintiff must cite a specific provision of the contract that was frustrated.  Lingad v. Indymac Fed. Bank, 682 F. Supp. 2d 1142, 1154 (E.D. Cal. 2010).

Plaintiff alleges that "defendants engaged in deceptive and bad faith practices by way of their dual-tracking and providing multiple points of contact . . . while making affirmative representations that [they] would work with him toward a reasonable

1  modification of the loan secured by his home." FAC at 4.  However, Plaintiff does not
2  cite to any specific contractual provision that Defendants' actions allegedly frustrated.
3  See, e.g., Rockridge Trust v. Wells Fargo, N.A., C-13-01457 JCS, 2013 WL 5428722, at
4  *32 (N.D. Cal. Sept. 25, 2013) (explaining that "to state a claim for breach of the implied
5  covenant of good faith and fair dealing, a plaintiff must identify the specific contractual
6  provision that was frustrated").  In fact, based on the allegations contained within
7  Plaintiff's FAC, it appears that Plaintiff deprived Defendants of the benefits of the bargain
8  by not paying what he owed them over a period of months.  FAC at 3.  Moreover, the
9  FAC does not allege any affirmative representations from Defendants that they would
10 work with Plaintiff for a loan modification.  Rather, the FAC states that Plaintiff sought to
11 negotiate a loan modification, and Defendants forwarded the request to a specialist who
12 rejected Plaintiff's request to modify the loan.  FAC at 3.  Plaintiff provides no facts
13 indicating that mutual assent ever occurred.  See Sun Pac. Mktg. Coop., Inc. v. DiMare
14 Fresh, Inc., CIV-F-06-1404 AWI, 2010 WL 3220301 (E.D. Cal. Aug. 13, 2010)
15 (explaining that a modification to a contract requires mutual assent and consideration,
16 just as any new contract would).

17         Plaintiff fails to allege the existence of a contractual provision prohibiting
18 Defendants from asserting their right to adhere to the original contract while Plaintiff's
19 request for a loan modification was pending.  Plaintiff's FAC is thus insufficient to "raise
20 [his] right to relief above the speculative level" for breach of the implied covenant of good
21 faith and fair dealing to award contract damages.  Twombly, 550 U.S. at 555.

22         Although Plaintiff appears to rely only on contract principles in stating his claim, to
23 the extent that Plaintiff also alleges a claim for the tortious breach of the implied
24 covenant of good faith and fair dealing, his claim also fails.  Such a claim is precluded
25 "unless the parties are in a special relationship with fiduciary characteristics," and is not
26 applicable to an ordinary commercial transaction "where the parties deal at arms'
27 length."  Pension Trust Fund, 307 F.3d at 955 (internal citations omitted).  Furthermore,
28 "California courts do not invoke a special relationship between a lender and borrower."

Spencer v. DHI Mortgage Co., Ltd., 642 F. Supp. 2d 1153, 1165 (E.D. Cal. 2009). Plaintiff does not allege a special relationship with fiduciary characteristics with Defendants, and therefore any tort claim based on the breach of the implied covenant could not survive a motion to dismiss.

As set forth above, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is DISMISSED with leave to amend.

### B. Wrongful Foreclosure

Next, Defendants move to dismiss Plaintiff's wrongful foreclosure claim. "Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale that has already occurred." Foster v. SCME Mortg. Bankers, Inc., CIV 2:10-518 WBS GGH, 2010 WL 1408108, at *4 (E.D. Cal. Apr. 7, 2010) (emphasis added). The elements of a claim of wrongful foreclosure under California law are as follows:

> (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

Lona v. Citibank, N.A., 134 Cal. Rptr. 3d 622, 633 (2011). Plaintiff fails to adequately plead any of these elements.

First, Plaintiff does not allege that foreclosure has taken place, and therefore fails to satisfy the initial requirement, that of an illegal, fraudulent or willfully oppressive sale. Id. The facts in the FAC state only that Plaintiff received a notice from Defendant Nationstar that the trustee sale "will take place on December 9, 2013," but Plaintiff never alleges that the sale happened. FAC at 3. In fact, in his Opposition, Plaintiff concedes that "the foreclosure has not been completed." Opp'n at 3. Plaintiff nevertheless argues that his wrongful foreclosure claim is ripe because he is "in foreclosure," due to the scheduling of the trustee's sale. Opp'n at 3. As set forth in Plaintiff's FAC, there has not

been a "foreclosure sale that has already occurred" and therefore there is nothing for Plaintiff to "set aside."  See Foster, CIV. 2:10-518 WBS GGH, 2010 WL 1408108, at *4.  Because the Property has not yet been sold, "a claim for wrongful foreclosure is not yet ripe."  Id.; see Pratap v. Wells Fargo Bank, N.A., C 12-06378 MEJ, 2013 WL 5487474, at *8 (N.D. Cal. Oct. 1, 2013) (dismissing a claim for wrongful foreclosure because "[w]hen no foreclosure sale has occurred, the cause of action is premature.").

      The FAC similarly fails to adequately allege the second element.  "Prejudice or harm is not established unless the plaintiff demonstrates that the foreclosure would have been averted but for the alleged deficiencies."  Ogilvie v. Select Portfolio Servicing, 12-CV-001654-DMR, 2012 WL 4891583 (N.D. Cal. Oct. 12, 2012) (internal citations omitted).  Because Plaintiff has not alleged that the foreclosure sale has taken place, he cannot allege that it would have been averted under any circumstances.  Moreover, even if Plaintiff had alleged that the foreclosure sale had occurred, however, he does not adequately allege prejudice.  Rather, he asserts only conclusory allegations that Defendants engaged in "bad-faith and deceptive tactics" and "lip-service loan modification negotiations" "in a scheme to lull [Plaintiff] to sleep."  FAC at 4.  The facts alleged in the FAC recount that Defendant considered modification and declined.  Plaintiff cites no law or contract provision to indicate that Defendant was not entitled to refuse modification, or that during the consideration of Plaintiff's loan modification request that he was absolved from payment on his loan.  FAC at 3.  On the contrary, Plaintiff states that during this process he received more than one notice of default, which indicates that he was on notice of his continuing obligation to pay.  FAC at 3.

      Lastly, Plaintiff fails to allege that he at any time tendered the full amount owed on his loan.[4]

///

---

[4] Plaintiff argues that the "arcane" tender rule should not be applied in this case, because "[Bank of America] did not invoke any tender of anything when it begged for a taxpayer handout," presumably referring to the financial "bailout" of 2008.  Opp'n at 3-4.  Plaintiff cites no authority in support of this proposition, and does not establish any of the exceptions to the tender requirement.  See Lona, 134 Cal. Rptr. 3d at 640-42.  This argument therefore fails.

1    This Court's previous order granting Defendants' motions to dismiss the initial
complaint notified Plaintiff of his failure to allege that the foreclosure sale had taken
place and that his home was taken from him.  Though this is the first time Plaintiff
alleges wrongful foreclosure as a separate cause of action, the original defect remains.
Moreover, in his Opposition, Plaintiff admits that "the foreclosure has not been
completed."  Opp'n at 3.  Therefore, the Court finds that amendment would be futile.
Because Plaintiff's wrongful foreclosure claim cannot "be saved by any amendment," it is
DISMISSED with prejudice.  Intri-Plex Techs., 499 F.3d at 1056; see Ascon Props., Inc.,
866 F.2d at 1160 ("Leave need not be granted where the amendment of the complaint
. . . constitutes an exercise in futility . . . .")).

     **C.**    **Financial Elder Abuse**

The California Legislature enacted the Elder Abuse Act, Cal. Welf. & Inst. Code §§ 15600-15675 (the "Act"), "to protect elders by providing enhanced remedies which encourage private, civil enforcement of laws against elder abuse and neglect." Negrete v. Fid. & Guar. Life Ins. Co., 444 F. Supp. 2d 998, 1001 (C.D. Cal. 2006).  These remedies include reasonable attorney's fees and costs. § 15657.5.  A person is considered an "elder" under the Act if the person is sixty-five years of age or older. Cal. Welf. & Inst. Code § 15610.27. Financial elder abuse is defined in subsection 15610.30(a), which provides:

> "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (1) Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both. (2) Assists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both.

Cal. Welf. & Inst. Code § 15610.30(a)(1)-(2).  To utilize the Elder Abuse Act's enhanced remedies, a plaintiff must prove "by clear and convincing evidence that the defendant

has been guilty of recklessness, oppression, fraud, or malice in the commission of the abuse."  Id. § 15657.5(b).

Here, just as in Plaintiff's original Complaint, Plaintiff fails to allege that any person or entity has "take[n], secrete[d], appropriate[d], or retaine[d]" his real or personal property.  § 15610.30(a).  Plaintiff's allegations that "[D]efendants worked together to provide [Plaintiff] with multiple points of contact and with divergent and confusing written representations," along with the remaining allegations in Plaintiff's FAC, are insufficient to state a claim upon which relief can be granted under the Elder Abuse Act, as there is simply no allegation that Plaintiff has been deprived of any real or personal property.  Plaintiff was put on notice as to this defect in this Court's order regarding Defendants' previous motions to dismiss.  Because Plaintiff has failed for the second time to correct this defect, and because Plaintiff concedes that the Property has not been sold, the Court finds that amendment as to this claim would be futile.  Intri-Plex Techs., 499 F.3d at 1056; see Ascon Props., Inc., 866 F.2d at 1160   Accordingly, Plaintiff's claim for financial elder abuse is DISMISSED with prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss, ECF Nos. 33, 35, are GRANTED with leave to amend as to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing and GRANTED without leave to amend as to Plaintiff's claims for wrongful foreclosure and financial elder abuse.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint.

///
///
///
///

1  If no amended complaint is filed within said twenty (20) day period, without further notice
2  to the parties, Plaintiff's claim for breach of the implied covenant of good faith and fair
3  dealing will also be dismissed with prejudice and this action will be closed.
4      IT IS SO ORDERED.
5  Dated: August 18, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT