UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KOURETAS, | No. 2:13-cv-02632-MCE-KJN |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| NATIONSTAR MORTGAGE HOLDINGS, INC. and BANK OF AMERICA, N.A., | |
| Defendants. | |

Presently before the Court is Plaintiff James Kouretas' ("Plaintiff") Motion for Reconsideration ("Motion"). ECF No. 56. For the following reasons, the Motion is GRANTED.[1]

## BACKGROUND

On December 20, 2013, Plaintiff filed a complaint against Defendants Nationstar Mortgage Holdings, Inc. ("Nationstar") and Bank of America, N.A. ("BofA") (collectively "Defendants"). ECF No. 1. The initial complaint asserted causes of action for violations

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g); ECF No. 61.

of California's Homeowner Bill of Rights, Cal. Civ. Code §§ 2923.6(c), 2923.7(a); the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; and California Welfare & Institutions Code sections 15600 et seq., which prohibit elder abuse. Id. BofA and Nationstar filed separate motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] ECF Nos. 13 (BofA), 16 (Nationstar). On March 14, 2014, the Court granted both motions to dismiss and permitted Plaintiff to file an amended complaint. ECF No. 27.

On April 7, 2014, Plaintiff filed a first amended complaint.[3] ECF No. 32. In that complaint, Plaintiff asserted causes of action for breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, and financial elder abuse in violation of California Welfare & Institutions Code sections 15600 et seq. Id. Again, each defendant filed a Rule 12(b)(6) motion to dismiss. ECF Nos. 33 (Nationstar), 35 (BofA). On August 19, 2014, the Court granted both motions to dismiss. ECF No. 49.

Addressing Plaintiff's causes of action in turn, the Court dismissed with leave to amend the claim that Defendants breached the implied covenant of good faith and fair dealing. The Court initially determined that the first amended complaint failed to allege the existence of a contractual provision prohibiting Defendants from asserting the right to adhere to the original contract while Plaintiff's request for a loan modification was pending. Id. at 5-7, 10. Next, the Court found that to the extent Plaintiff alleged that Defendants committed a tortious breach of the implied covenant of good faith and fair dealing, the claim failed for lack of a special fiduciary relationship between Plaintiff, as borrower, and Defendants, as lenders. Id. at 6-7. As to Plaintiff's claim for wrongful foreclosure, the Court concluded that Plaintiff failed to adequately plead any of the requisite elements, including that a foreclosure had actually occurred, and dismissed the claim without leave to amend. Id. at 7-9. Finally, the Court dismissed without leave to

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Plaintiff first filed an unsigned, and therefore deficient, first amended complaint on April 6, 2014. ECF No. 31.

amend Plaintiff's claim of financial elder abuse on the grounds there was no allegation that Plaintiff had been deprived of any real or personal property.  Id. at 9-10.

In dismissing the first amended complaint, the Court's order included the following provision:  "Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint.  <u>If no amended complaint is filed within said twenty (20) day period, without further notice to the parties, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing will also be dismissed with prejudice and this action will be closed</u>."  Id. at 11 (emphasis added).  Thus, pursuant to the Court's memorandum and order, Plaintiff was permitted, but not required, to file a second amended complaint no later than September 8, 2014.

Without leave of the Court, Plaintiff filed an untimely second amended complaint on September 10, 2014.[4]  ECF No. 51.  On September 29, 2014, consistent with its prior memorandum and order, the Court dismissed Plaintiff's only potentially surviving claim—for beach of the implied covenant of good faith and fair dealing—with prejudice and directed the Clerk of the Court to close the case.[5]  ECF No. 54.  Consequently, judgment in favor of Defendants was entered.  ECF No. 55.

Plaintiff then timely filed the instant Motion on the grounds the second amended complaint was filed late due solely to inadvertent attorney error.  ECF No. 56.  Specifically, Plaintiff states that the deadline for submission was mistakenly calendared as twenty court days rather than twenty calendar days.  Id. at 1.  Declarations from Plaintiff's attorney of record and his associate accompanied the Motion.  ECF Nos. 56-1, 56-2.

///
///

---

[4] The second amended complaint asserts causes of action for promissory estoppel, violation of California's unfair competition law, and RICO violations.  ECF No. 51.

[5] The order also denied as moot Nationstar's motion to dismiss the second amended complaint.

3

**STANDARD**

Rule 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). "To determine whether a party's failure to meet a deadline constitutes excusable neglect, courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for this delay; and (4) whether the movant acted in good faith." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010) (citations and internal quotation marks omitted). A district court abuses its discretion if it fails to apply this test. See id. Moreover, the Ninth Circuit has found that although calendaring mistakes are not necessarily "compelling excuse[s]," they can constitute excusable neglect under Rule 60. Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004) (en banc); Ahanchian, 624 F.3d at 1262 (finding "while a calendaring mistake caused by the failure to apply a clear local rule may be a weak justification for an attorney's delay, we have previously found [in Pincay] the identical mistake to be excusable neglect").

**ANALYSIS**

The Court finds there is a sufficient basis on which to grant the Motion. As to the first Pincay factor, there is little overall danger of prejudice to Defendants resulting from a two-day delay in filing an amended complaint. See Ahanchian, 624 F.3d at 1262 ("[D]efendants would not have been prejudiced by a week's delay. . . . At most, they would have won a quick but unmerited victory, the loss of which we do not consider prejudicial."). As to the second Pincay factor, the Court considers the two-day length of delay to be slight. See id. (noting a "mere" delay of three days). As to the third Pincay factor, the Court finds that Plaintiff's failure to properly calendar the date the second

4

amended complaint was due for filing constitutes excusable neglect.  See Pincay, 389 F.3d at 860; Ahanchian, 624 F.3d at 1262.  Finally, as to the remaining factor, the Court does not find that Plaintiff acted in bad faith by filing the second amended complaint two days late.[6]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 56, is GRANTED and the Court's September 29, 2014, Judgment, ECF No. 55, is VACATED. The Clerk of Court is directed to return this case to the civil active list.

IT IS SO ORDERED.

Dated:  January 28, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[6] Nevertheless, Plaintiff is cautioned to follow all applicable rules and abide by this Court's orders in the future.