UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KOURETAS,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE, BANK OF AMERICA, N.A., DOES 1-10,<br><br>    Defendant. | No. 2:13-cv-02632-MCE-KJN<br><br>**ORDER** |

Presently before the Court is Plaintiff James Kouretas' ("Plaintiff") Ex Parte Application for Leave of Court to File an Amended Complaint Before the Motions to Dismiss the Operative Complaint are Heard ("Ex Parte Application"). ECF No. 68. For the following reasons, Plaintiff's Ex Parte Application is DENIED. ECF No. 68.

On September 10, 2014, Plaintiff filed his operative Second Amended Complaint ("SAC"), alleging three claims against Defendants Nationstar Mortgage Holdings, Inc. ("Nationstar") and Bank of America, N.A. ("BofA") (collectively "Defendants"): (1) promissory estoppel; (2) unfair competition; and (3) violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"). ECF No. 51. In February 2015, both Defendants filed motions to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 64 (BofA), 66 (Nationstar). The

hearing on the Defendants' motions to dismiss is scheduled for April 2, 2015.

On March 1, 2015, Plaintiff filed the instant Ex Parte Application seeking leave to amend his complaint based on new case law and arguing that a recently published case opens the door to a negligence claim against Defendants.  ECF No. 68 at 1-2. Specifically, Plaintiff argues that after Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App. 4th 941 (2014), California negligence law now recognizes a duty between a bank lender and a homeowner/borrower under certain circumstances.  Id.  Defendants both oppose Plaintiff's Ex Parte Request.

To prevail on an ex parte application, Plaintiff must show that: (1) he is not the cause of his own predicament; and (2) the order is "needed" to avoid some type of harm. Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc., No. 206-CV-02879-GEB-KJM, 2007 WL 3340935, at *1 (E.D. Cal. Nov. 9, 2007) (citing Mission Power Engineering Co. v. Continental Cas. Co., 883 F.Supp. 488, 492 (C.D.Cal. 1995)).  "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have."  White v. Cinemark USA Inc., No. Civ.S 04 397 GEB KJM, 2005 WL 3890635, at * 1 (E.D. Cal. Apr. 27, 2005) (quoting In re Intermagnetics America, Inc., 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989).

Here, Plaintiff' fails to establish he is without fault in creating the need for the ex parte relief.  In his Ex Parte Application, Plaintiff cites the "newness" of the Alvarez decision as the reason why his counsel was unaware of the decision and why he failed to allege negligence in his SAC.  This argument is unconvincing for two reasons.  First, Alvarez was decided on August 7, 2014, which was over a month prior to the filing of Plaintiff's operative SAC on September 10, 2014.  See Alvarez, 228 Cal. App. 4th 941 (2014); ECF No. 51.  A month would have been sufficient time for Plaintiff's counsel to have reviewed the current case law and alleged a negligence cause of action in the SAC.  Second, six months passed between the Alvarez decision and the filing of the instant ex parte request.  Therefore, even if negligence was not alleged in the SAC itself, Plaintiff still had ample time to bring the decision to the Court's attention through its

2

standard motion procedures. That Plaintiff and his counsel were "simply unaware of the opinion" until recently does not change the fact that it was decided months ago. Because Plaintiff is responsible for any harm that might result from failing to plead negligence and failing to file a timely motion to amend, ex parte relief is not justified here, and his Ex Parte Application (ECF No. 68) is DENIED.

    IT IS SO ORDERED.

Dated: March 12, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT