UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KOURETAS,<br><br>       Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE HOLDINGS, INC., and BANK OF AMERICA, N.A.,<br><br>       Defendants. | No.  2:13-CV-02632-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

This action proceeds on Plaintiff James Kouretas' ("Plaintiff") Second Amended Complaint ("SAC") seeking to recover from Defendants Bank of America ("BANA") and Nationstar Mortgage Holdings, Inc. ("Nationstar") (collectively "Defendants").   On April 7, 2014, Plaintiff filed a First Amended Complaint ("FAC"), asserting causes of action for breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, and financial elder abuse in violation of state law.  ECF No. 32.  On Defendants' motions, the Court dismissed all but one of the claims with prejudice.  ECF No. 49.  Plaintiff was given twenty days to amend the implied covenant claim to cure deficiencies noted by the Court.  Id. at 5-7, 10.  In his operative SAC, Plaintiff now asserts claims for promissory estoppel, violation of the unfair competition law, and Racketeer Influenced and Corrupt Organizations ("RICO") violations.  ECF No. 51.  Presently before the Court are

Defendants' Motions to Dismiss Plaintiff's SAC pursuant to Rule 12(b)(6) (ECF Nos. 64, 66).[1]  For the following reasons, Defendants' motions are GRANTED without leave to amend.[2]

## BACKGROUND[3]

Plaintiff holds title to the property known as 3324 S Street, Sacramento, California, 95816 ("the Property").  The Property was secured by a first deed of trust in favor of BANA.  In November 2013, Nationstar became the loan servicer.

In May 2013, Plaintiff wrote to BANA to request a loan modification.  Plaintiff was told in several letters from BANA staff that his loan modification application had been received and was being forwarded to the appropriate department.  While the loan modification was pending, BANA served Plaintiff with a notice of default on his home loan.  In October 2013, BANA notified Plaintiff that they were denying his loan modification.  Then, in November 2013, Nationstar wrote to Plaintiff that BANA had transferred the mortgage note to them.  Plaintiff claims that Nationstar made the following statements in its letter:  "[B]ased on the information we have received from your previous mortgage servicer, we believe you may be experiencing a financial hardship. We want to help you stay in your home."  However, in December 2013, Plaintiff was notified that his home would be sold in a trustee's sale approximately a week later.  That sale never took place, and Plaintiff continues to hold title to the Property.

///
///

---

[1] Defendants also requested that the Court take judicial notice of various documents.  ECF Nos. 65, 67.  Because the Court does not rely on any of these documents in its ruling, the request is DENIED as moot.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[3] The following recitation of facts is taken, at times verbatim, from Plaintiff's SAC.  ECF No. 51.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

      A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.    Plaintiff Failed to Obtain Leave of the Court to Assert His New Claims

In the order that dismissed Plaintiff's FAC, the Court granted Plaintiff leave to amend his claim for breach of the implied covenant of good faith and fair dealing. ECF No. 49 at 10.  However, in his operative SAC, Plaintiff does not allege liability under a

4

theory of breach of the implied covenant of good faith and fair dealing. Instead, he brings two new claims—promissory estoppel and violation of the unfair competition law—and attempts to revive his RICO violation claim that was dismissed from his original complaint.

Procedurally, all of Plaintiff's claims are impermissible because Plaintiff failed to obtain leave of the Court to add these three claims against Defendants. "When the language of an order clearly states that a plaintiff may only amend to address certain deficiencies identified in the order, courts [in this circuit] have held that a plaintiff is barred from adding new claims or parties." See Jameson Beach Prop. Owners Ass'n v. United States, No. 2:13-CV-01025-MCE-AC, 2014 WL 4925253, at *4 (E.D. Cal. Sept. 29, 2014) (citing Benton v. Baker Hughes, No. CV-12-07735-MMM, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013); DeLeon v. Wells Fargo Bank, N.A., No. 10-CV-01390-LHK, 2010 WL 4285006, *3 (N.D. Cal. Oct. 22, 2010)). Here, the Court granted Defendants' prior motion to dismiss "with leave to amend as to Plaintiff's claim for breach of the implied covenant" but "without leave to amend" as to Plaintiff's other claims. ECF No. 49 at 10. Because the Court was "specific about the purpose of the limited leave granted," Plaintiff's new claims are improperly before the Court and should be dismissed on those procedural grounds. Id.; see also Coppola v. Smith, 19 F. Supp. 3d 960, 971-72 (E.D. Cal. 2014) (dismissing plaintiff's new claim because it exceeded the scope permitted by the prior dismissal order and because the complaint failed to plausibly allege the elements for the claim).

In addition to this procedural defect, Plaintiff's claims also fail substantively, as described below.

**B.     First Claim: Promissory Estoppel**

In Plaintiff's first cause of action, he claims that Defendants were required to consider his loan modification under the doctrine of promissory estoppel. Defendants argue that Plaintiff's claim fails because he has not alleged a promise. The Court agrees.

///

Under California law, a cause of action for promissory estoppel requires that plaintiff show "(1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages 'measured by the extent of the obligation assumed and not performed.'" Poway Royal Mobilehome Owners Ass'n v. City of Poway, 149 Cal. App. 4th 1460, 1471, (2007) (quoting Toscano v. Greene Music, 124 Cal. App. 4th 685, 692 (2004)).  A promise that is "clear and unambiguous in its terms" is an essential element of a promissory estoppel claim.  Laks v. Coast Fed. Sav. & Loan Ass'n, 60 Cal. App. 3d 885, 890 (1976).  "[A] promise that is vague, general or of indeterminate application is not enforceable."  Aguilar v. Int'l Longshoremen's Union Local No. 10, 966 F.2d 443, 446 (9th Cir. 1992) (internal quotation marks and citation omitted).

Here, Plaintiff's promissory estoppel claim alleges that both Defendants "promised to consider [Plaintiff]—in good faith—for a modification of the loan on his property." SAC, ECF No. 51, at ¶ 20.  Despite this assertion, Defendants' letters do not plausibly show that a "clear and unambiguous" promise was made to Plaintiff.  First, BANA's statement that it would forward, and eventually did forward, Plaintiff's loan modification application to the appropriate department does not constitute a promise that the loan would be modified or even that the loan modification application would indeed be reviewed.  The letters simply indicate that the loan modification application was being transferred.  Second, Nationstar's statements that it wanted to help Plaintiff stay in his home are even less clear than those of BANA's.  There are no words that specify how they would "help" him, or even a suggestion that they wanted to do anything other than be paid for the mortgage that they had just taken over.  Even when viewed in the light most favorable to Plaintiff, the BANA and Nationstar letters do not provide any of the essential terms of a promise to consider Plaintiff's loan modification.  See Dooms v. Federal Home Loan Mortg. Corp., No. CV F 11–0352-LJO-DLB, 2011 WL 1232989, at *10 (E.D. Cal. Mar. 31, 2011) (dismissing a promissory estoppel claim where the complaint lacked "facts of a clear and unambiguous promise and reasonable reliance to support a promissory estoppel claim").

1    Without a clear promise, Plaintiff fails to adequately allege promissory estoppel.
2    Furthermore, although this is the first time Plaintiff has alleged this particular cause of
3    action, he has now had three opportunities to state a cognizable claim and, with each
4    complaint, he has alleged almost identical facts.  ECF No. 1 at ¶¶ 1-17; ECF No. 32 at
5    ¶¶ 1-17; ECF No. 27 at ¶¶ 1-17.  Leave to amend is properly denied "where the movant
6    presents no new facts but only new theories and provides no satisfactory explanation for
7    his failure to fully develop his contentions originally."  Bonin v. Calderon, 59 F.3d 815,
8    845 (9th Cir. 1995). The Court therefore finds that amendment would be futile, and
9    Plaintiff's promissory estoppel claim is DISMISSED with prejudice.

      **C.    Second Claim: Violation of the Unfair Competition Law**

11    Next, Plaintiff's second cause of action is for violation of the California Unfair
12    Competition Law ("UCL").  Defendants argue that Plaintiff's claim fails for lack of
13    standing.  The Court agrees.
14    Section 17204 of the California Business and Professions Code limits standing to
15    bring a UCL claim to specified public officials and a private person "who has suffered
16    injury in fact and has lost money or property as a result of the unfair competition."  As
17    such, to have standing, Plaintiff must allege facts that he suffered an economic injury
18    from loss of money or property sufficient to constitute an "injury in fact."  See Perez v.
19    Wells Fargo Bank, N.A., 929 F. Supp. 2d 988, 1003 (N.D. Cal. 2013); Jurewitz v. Bank of
20    America, N.A., 938 F. Supp. 2d 994, 999 (S.D. Cal. 2013).  In his SAC, as with his prior
21    complaints, Plaintiff does not plead any facts that the foreclosure has taken place, or that
22    he has incurred any additional costs created by the pending foreclosure proceedings.
23    Without a financial loss of money or property, Plaintiff lacks standing to bring a UCL
24    claim.  See id.  Moreover, Plaintiff's current and prior complaints all contain the defect of
25    failing to allege a concrete economic injury.  Based on this persistent failure to correct
26    the original defect, the Court finds that amendment would be futile.  Bonin, 59 F.3d at
27    845.  Accordingly, Plaintiff's UCL claim is DISMISSED with prejudice.
28    ///

### D.     Third Claim: Civil RICO Violations

Finally, Plaintiff alleges that Defendants violated RICO, 18 U.S.C. § 1962, in connection with the loan modification process and the transfer of his loan to Nationstar. Plaintiff also alleged this claim in his original complaint, but the Court dismissed it for failing to allege acts that constitute racketeering activity, failing to plead fraudulent actions with particularity, and failing to allege a concrete financial loss to his business or property. ECF No. 27 at 8-9. The Court granted Plaintiff leave to amend the claim within twenty days, but he failed to re-assert the RICO allegations in his FAC. Because Plaintiff declined to file an amended RICO claim within the appropriate time frame, Plaintiff's RICO claim was dismissed with prejudice "without further notice to the parties." Id. at 11.

Regardless, Plaintiff's RICO claim is substantively defective because he alleges no new facts in the SAC to support his claim. For example, to state a RICO claim, Plaintiff must allege that Defendants engaged in a pattern of racketeering activity. See 18 U.S.C. § 1962; Forsyth v. Humana, Inc., 114 F.3d 1467, 1481 (9th Cir. 1997). Similar to his original complaint, Plaintiff fails to allege that Defendants engaged in any of the acts that constitute racketeering activity and merely rewords his allegations that Defendants engaged in activity to undermine the Homeowner Bill of Rights in California. SAC, ECF No. 51, at ¶ 28. The Court previously put Plaintiff on notice that "[v]iolations of the Homeowner Bill of Rights are not predicate offenses under RICO." ECF No. 27 at 8 (citing 18 U.S.C. § 1961). Because Plaintiff has failed for the second time to correct this defect, the Court finds that amendment of this claim would be futile. Intri-Plex Techs., 499 F.3d at 1160. Accordingly, Plaintiff's RICO claim is DISMISSED with prejudice.

///
///
///
///
///

**CONCLUSION**

For the reasons set forth above, Defendants' Motions to Dismiss (ECF Nos. 64, 66) are GRANTED without leave to amend.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  April 13, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT