UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KOURETAS,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE HOLDINGS, INC., BANK OF AMERICA, N.A.,<br><br>    Defendants. | No. 2:13-cv-02632-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Plaintiff's Motion for Reconsideration (ECF No. 83). For the reasons set forth below, Plaintiff's Motion is DENIED.[1]

**BACKGROUND**

Plaintiff holds title to the property known as 3324 S Street, Sacramento, California, 95816 ("the Property"). The Property was secured by a first deed of trust in favor of Bank of America ("BofA"). In November 2013, Nationstar Mortgage Holdings ("Nationstar") became the loan servicer.

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

In May 2013, Plaintiff wrote to BofA to request a loan modification. Plaintiff was told in several letters from BofA staff that his loan modification application had been received and was being forwarded to the appropriate department. Despite this, BofA recorded a notice of trustee's sale and twice served Plaintiff with a notice of default on his home loan while the loan modification was pending. In October 2013, BofA notified Plaintiff that they were denying his loan modification, stating: "We service your loan on behalf of an investor or group of investors that has not given us the contractual authority to modify your loan." Then, in November 2013, Nationstar wrote to Plaintiff that BofA had transferred the mortgage note to them. Plaintiff claims that Nationstar made the following statements in its letter: "[B]ased on the information we have received from your previous mortgage servicer, we believe you may be experiencing a financial hardship. We want to help you stay in your home." However, in December 2013, Plaintiff was notified that his home would be sold in a trustee's sale approximately a week later. That sale never took place, and Plaintiff continues to hold title to the Property.

On December 20, 2013, Plaintiff filed a complaint against Defendants Nationstar and BofA (collectively "Defendants"). ECF No. 1. The initial complaint asserted causes of action for violations of California's Homeowner Bill of Rights (Cal. Civ. Code §§ 2923.6(c), 2923.7(a)); the Racketeering Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. §§ 1961-1968); and California Welfare & Institutions Code sections 15600 et seq., which prohibit financial elder abuse. Id. BofA and Nationstar filed separate motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  ECF Nos. 13 (BofA), 16 (Nationstar). On March 14, 2014, the Court granted both motions to dismiss and permitted Plaintiff to file an amended complaint. ECF No. 27.

///
///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

On April 7, 2014, Plaintiff filed a first amended complaint.[3]  ECF No. 32.  In that complaint, Plaintiff asserted causes of action for breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, and financial elder abuse.  Id.  Again, each defendant filed a Rule 12(b)(6) motion to dismiss.  ECF Nos. 33 (Nationstar), 35 (BofA).  On August 19, 2014, the Court granted both motions to dismiss.  ECF No. 49.  The Court dismissed all but one of the claims in the FAC with prejudice.

Plaintiff was given until September 8, 2014 to amend the implied covenant claim to cure deficiencies noted by the Court.  Id. at 5-7, 10.  Without leave of the Court, Plaintiff filed an untimely second amended complaint on September 10, 2014.  ECF No. 51.  The Court then dismissed the FAC.  ECF No. 54.  Plaintiff filed a motion for reconsideration based on the fact that the untimeliness was due to inadvertent attorney error.  ECF No. 56.  The Court granted the motion, finding that the two-day delay was unlikely to cause prejudice, and accepted the untimely SAC.  ECF No. 62.

In his SAC, Plaintiff asserted claims for promissory estoppel and violation of the unfair competition law, and revived his previously dismissed RICO claim.  Notably, Plaintiff's SAC did not include an implied covenant claim, despite the fact that this was the only claim the Court allowed to go forward.  ECF Nos. 51, 49.  In February 2015, both Defendants filed motions to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 64 (BofA), 66 (Nationstar).  The hearing on Defendants' motions was scheduled for April 2, 2015.

On March 1, 2015, Plaintiff filed an ex parte application seeking leave to amend his complaint based on new case law, which he argued opened the door to a negligence claim against Defendants.  ECF No. 68 at 1-2.  Specifically, Plaintiff argued that in the wake of Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App. 4th 941 (2014), California negligence law now recognizes a duty between a bank lender and a homeowner/borrower under certain circumstances.  Id.  Defendants both opposed

---

[3] Plaintiff first filed an unsigned, and therefore deficient, first amended complaint on April 6, 2014.  ECF No. 31.

Plaintiff's ex parte request.  ECF Nos. 70 (Nationstar), 73 (BofA).  The <u>Alvarez</u> decision was filed on August 7, 2014, one month before the SAC was filed on September 10, 2014 and six months before Plaintiff tried to amend his complaint through an ex parte application.  Plaintiff's counsel did not learn of the decision until February 2015, when he heard about it "over lunch" with another attorney.  ECF No. 68 at 5:7-8.  Because Plaintiff created the situation by his own failure to add the negligence claim before filing the SAC or to file a noticed motion to amend in the six months that followed, the Court determined that the situation did not warrant ex parte relief.  Accordingly, the ex parte application was denied.  ECF No. 82.

In the Opposition to the Motion to Dismiss, Plaintiff again asked for leave to amend.  <u>See</u> Pl.'s Opp'n, ECF No. 75, at 5:19 ("In light of <u>Alvarez</u>, leave to amend should be granted one final time.")

On April 12, 2015, the Court dismissed the claims in the SAC with prejudice and closed the case.  ECF No. 82.  Two weeks later, on April 27, 2015, Plaintiff filed this Motion for Reconsideration of the April 12th Order, once again arguing that Plaintiff should be allowed to add a negligence claim under the precedent set by <u>Alvarez</u>.  ECF No. 83.

## STANDARD

Both Federal Rule of Civil Procedure 59 and Local Rule 230 govern Plaintiff's Motion for Reconsideration.[4]  If a motion for reconsideration is filed within 28 days of an order on a motion to dismiss, the court will treat the motion as a Rule 59(e) motion.  <u>Zamani v. Carnes</u>, 491 F.3d 990, 997 (9th Cir. 2007).  A Rule 59(e) motion is properly granted "if the district court (1) is presented with newly discovered evidence,

---

[4] Plaintiff also cites to California Code of Civil Procedure section 473(b); however, this is inapplicable procedural authority.  Fed. R. Civ. P. 1.  Additionally, while Plaintiff only cites to Rule 60(b)(1) in his briefing, the Court will analyze this Motion under Rule 59(e) given that the Motion is framed as a "Motion for Reconsideration" and not a "Motion for Relief from Judgment."

(2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003). "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances." McQuillion v. Duncan, 342 F.3d 1012, 1014 (9th Cir. 2003). "[M]otions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." United States v. Navarro, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997) (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under Fed. R. Civ. P. 59(e)).

Local Rule 230(j) similarly requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## ANALYSIS

While Plaintiff asks for reconsideration of the April 13, 2015 Order dismissing this case with prejudice, Plaintiff does not assert that the Court erred in its analysis of the claims in the SAC. Instead, Plaintiff only takes issue with the Court's decision not to allow for further amendment, which precluded Plaintiff from filing a third amended complaint containing a new negligence cause of action. This is not a situation where new controlling case law requires reconsideration, as the Court had been briefed on the Alvarez decision.[5] Nor is this a situation where there is newly discovered evidence. Therefore, to succeed, Plaintiff must show that the Court has committed clear error or issued an initial decision that was manifestly unjust. See Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

---

[5] In addition to the ex parte application, Plaintiff specifically asked for leave to amend "one final time" in light of Alvarez in his Opposition to the Motion to Dismiss. See Pl.'s Opp'n, ECF No. 75, at 5:19.

The Court did not commit clear error by dismissing this case with prejudice. While leave to amend should be freely granted, it is not guaranteed. Leave to amend should only be granted where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); see Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).

There had been undue delay in Plaintiff's attempted amendment. Plaintiff filed his Complaint in December 2013 and twice amended the Complaint. It was not until March 2015, when Defendants' third motion to dismiss was about to be heard by the Court, that Plaintiff attempted to add this negligence claim through an ex parte application.

While Plaintiff argues that he could not add this claim until Alvarez was decided in August 2014, that is simply not the case. Alvarez was not the drastic precedential departure that Plaintiff claims. Courts have been, and remain post-Alvarez, "divided on the question of when lenders owe a duty of care to borrowers in the context of the submission of and negotiations related to loan modification applications and foreclosure proceedings." Rowland v. JP Morgan Chase Bank, N.A., No. C 14-00036 LB, 2014 WL 992005, at *8 (N.D. Cal. Mar. 12, 2014). "As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). However, as explained by the court in Alvarez:

> even when the lender is acting as a conventional lender, the no-duty rule is only a general rule. Nymark does not support the sweeping conclusion that a lender never owes a duty of care to a borrower. Rather, the Nymark court explained that

>           the question of whether a lender owes such a duty requires
>           the balancing of the 'Biakanja factors.

228 Cal. App. 4th at 944-45 (internal citations and quotations omitted).  The Biakanja factors include:  "(1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm."  Nymark, 231 Cal. App. 3d at 1098-99.

After considering the Biankanja factors, the California Court of Appeals found a duty in Alvarez.  The fact that they did so was not inconsistent with previous case law on this issue.  In fact, the Northern District comes to the same conclusion on very similar facts decision in Garcia v. Ocwen Loan Servicing, LLC., No. C 10-0290 PVT, 2010 WL 1881098, at *2-3 (N.D. Cal. May 10, 2010), almost four years prior to the Alvarez decision.  The recent Alvarez decision by the California Court of Appeals certainly did not change the binding precedent on this issue; it simply added one additional case in support of finding a duty of care.  Thus, case law supporting a negligence cause of action was decided prior to the filing of the initial Complaint and remained available to Plaintiff during the two times he was allowed to amend his Complaint.

Because of the delay in bringing the proposed amendment and the potential prejudice to Defendants of grating leave to amend for the third time after Defendants had already filed three Motions to Dismiss each, the Court did not commit clear error when it dismissed this case with prejudice.  This determination does not end the analysis as Plaintiff requests relief due to the excusable neglect of Plaintiff's counsel.

Rule 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" on the basis of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).  "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  Lemoge v. United States, 587 F.3d

7

1188, 1192 (9th Cir. 2009) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

While attempting to frame this situation as "inadvertent attorney error," Plaintiff's counsel readily admits that he did not bring a negligence cause of action sooner due to his failure to "timely read and understand the Alvarez decision." Mot. for Recons., ECF No. 83, at 2:26-27. Counsel does not point to any case law showing that this error qualifies as excusable neglect, nor can he. "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn, 139 F.3d 664, 666 (9th Cir. 1997); see Pioneer, 507 U.S. 380, 397 (1993) (parties are "held responsible for the acts and omissions of their chosen counsel"). And as previously discussed, Plaintiff's counsel did not simply fail to read one recent decision, he failed to find one of the many decisions on negligence claims in relation to modification applications.

While the Court has the authority under Rule 60(b)(6) to "vacate judgments whenever such action is appropriate to accomplish justice," such relief requires a showing of "extraordinary circumstances." Ackermann v. United States, 340 U.S. 193, 199-201 (1950). Specifically, it would require gross negligence on the part of Plaintiff's counsel. Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002). Counsel's failure to conduct research prior to filing the Complaint and during the two opportunities provided by the Court for amendment is certainly unacceptable; however, it does not rise to the level of gross negligence. Therefore, Plaintiff is not entitled to relief from the judgment under Rule 60(b).

///
///
///
///
///
///

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Reconsideration (ECF No. 83) is DENIED.

IT IS SO ORDERED.

Dated: June 3, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT